# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THERESA M. KOTALIK, DEBRA A. WISNER, KERRY CLEMENTS, and JOSEPH L. CLEMENT, individually, and as representatives of a Class of Participants and Beneficiaries of UnitedHealth Group 401(k) Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, and ADMINISTRATIVE COMMITTEE FOR THE UNITEDHEALTH GROUP 401(K) SAVINGS PLAN<br><br>Defendants. | Case No. 0:25-CV-01751<br><br>Class Action Complaint For<br>    Claims Under 29 U.S.C. § 1132(a)(2) |

## CLASS ACTION COMPLAINT

Plaintiffs, Theresa M. Kotalik, Debra A. Wisner, Kerry Clements, and Joseph L. Clement ("Plaintiffs"), individually and as representatives of a Class of Participants and Beneficiaries of the UnitedHealth Group 401(k) Savings Plan ("Plan" or "UnitedHealth Plan"), by their counsel, WALCHESKE & LUZI, LLC and  CUMMINS & BONESTROO, allege and assert to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

1.      401(k) defined contribution plans such as the UnitedHealth Plan have become America's primary retirement savings vehicle. As with all defined contribution retirement plans that require participants to bear the costs of plan administration, the Plan participants' retirement savings suffer when the Plan fiduciaries mismanage plan assets, when employers use Plan assets for their own benefit, or pay excessive plan recordkeeping and administrative ("RKA") fees.

2.      Defendants UnitedHealth Group, Inc. ("UnitedHealth") and the Administrative Committee for the UnitedHealth Group 401(k) Savings Plan ("Plan Committee") (collectively, "Defendants"), utilized the Plan's forfeitures, a type of plan asset to benefit themselves by reducing their future employer contributions to the Plan, violating ERISA's fiduciary duties of loyalty and prudence, as well as the fiduciary and party-in-interest prohibited transaction rules.

3.      Plaintiffs, current and former participants in the UnitedHealth Plan, bring this ERISA action in a representative capacity on behalf of the Plan under 29 U.S.C. §§ 1132(a)(2), and under Fed. R. Civ. P. 23. as representatives of a class of participants and beneficiaries of the UnitedHealth Plan, against Defendants for breaches of the duties of loyalty and prudence, as well as for fiduciary and parties-in-interest transactions prohibited by ERISA.

4.      The allegations in this complaint contend that Plan forfeitures should have been used to pay Plan expenses instead of employer contributions. The allegations do not concern the compensation received by the Plan's service providers and investment advisors or that the Plan Committee selected imprudent Plan investments.

5.      Plaintiffs' claims are brought on behalf of the Plan and seek equitable remedies for losses suffered by the Plan under 29 U.S.C. §§ 1132(a)(2) and 409(a).

6.      More specifically, and as set forth in more detail below, Plaintiffs allege that Defendants: (a) improperly utilized forfeited Plan assets to disloyally reduce future employer contributions for their own selfish interests; (b) did not engage in a prudent process when deciding to use Plan forfeitures for the employer's own benefit rather than to reduce Plan expenses; (c) failed to monitor those responsible on the Plan Committee for allocation of Plan forfeitures; (d) engaged in party-in-interest fiduciary prohibited transactions by enriching themselves through Plan forfeitures; and (e) engaged in fiduciary prohibited transactions by favoring their own accounts with Plan forfeitures.

## JURISDICTION AND VENUE

7.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this is an action under 29 U.S.C. §§ 1132(a)(2) and (3) for which federal district courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1).

8.     This Court has personal jurisdiction over Defendants because they transact business in this District, reside in this District, and have significant contacts with this District, and because ERISA provides for nationwide service of process.

9.     This district is the proper venue for this action under 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to the claim occurred here

## PARTIES AND THE PLAN

10.     UnitedHealth Group Incorporated is an American multinational for-profit company specializing in health insurance and health care services based in Eden Prairie, Minnesota. Selling insurance products under UnitedHealthcare, and health care services under the Optum brand, it is the world's ninth-largest company by revenue and the largest health care company by revenue. The headquarters are located at 9900 Bren Rd E Minnetonka, MN 55343.

11.     The UnitedHealth Plan is a defined contribution employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34).

12.     UnitedHealth is the Plan's sponsor under 29 U.S.C. § 1002(16)(B).

13.     Under 12.3 of the Plan document, Defendant UnitedHealth delegated to the Company's Executive Vice President, Human Capital, the authority to determine the number of members on Plan Committee, and to appoint and remove those Committee members. In this role, Defendant UnitedHealth, through its Executive Vice President, Human Capital, acted in a fiduciary capacity and had the responsibility to monitor those on the Plan Committee responsible for the loyal and prudent allocation of Plan forfeitures.

14.    The Plan Committee is the Plan's administrator within the meaning of 29 U.S.C. § 1002(16)(A), and the Committee is a fiduciary for the Plan. In addition, the members of the Committee (the Plan Committee Members) are also fiduciaries for the Plan. "[W]here, as here, a committee or entity is named as the plan fiduciary, the corporate officers or trustees who carry out the fiduciary functions are themselves fiduciaries and cannot be shielded from liability by the company." *See Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1156 (9th Cir. 2000).

15.    As required by 29 U.S. C. § 1102(a)(1), the Plan is established and maintained by a written plan document, The UnitedHealth 401(k) Savings Plan (2019 Restatement) ("Plan document").

16.    Defendants chose Fidelity Investments Institutional Operations Company, Inc. ("Fidelity")  to provide Plan recordkeeping services during the Class Period.

17.    Plaintiff Theresa M. Kotalik is a resident of Ingleside, Texas. Plaintiff Kotalik has worked for UnitedHealth since June 2018 until present remotely as a  Network Contract on the Dental side for Specialty Benefits  Network Contract Manager with a focus on Retention. She is a current participant in the Plan.

18.    Plaintiff  Debra A. Wisner is a resident of Pequot Lakes, Minnesota. Plaintiff Wisner worked for them from Jan 2010 until March 2021, starting in accounts payable and finishing as a business analyst and worked at the corporate office at 9900 Bren road, Minnetonka, MN. She rolled out of the Plan in April 2024.

19.    Plaintiffs Joseph and Kerry Clements are residents of Golden Valley, Minnesota. Joseph Clements was employed by UnitedHealth from October 2006 to January 2020 at both UnitedHealth's Eden Prairie and Minnetonka, MN, locations in the position of finance director for capital finance. Kerry Clements was employed by UnitedHealth from 2010 to 2017 at its Minnetonka, MN, location, in the positions of senior business process analyst, IT business analyst,

and operations consultant. Joseph Clements rolled out of the Plan in April 2025 and Kerry Clements is still in the Plan.

20.     Plaintiffs have Article III standing to bring this action on behalf of the UnitedHealth Plan because they suffered actual injuries to their Plan accounts by not having forfeited Plan assets reallocated to their Plan accounts as a result of UnitedHealth reducing employer contributions for their own benefit. Those injuries are fairly traceable to Defendants disloyally using Plan forfeitures for their own benefit to reduce their future contributions to the UnitedHealth Plan. Finally, these injuries diminished the savings in Plaintiffs' retirement accounts in the Plan and reduced, dollar for dollar (and more when compounded) Plaintiffs' retirement savings.

21.     Having established Article III standing, Plaintiffs may seek recovery under 29 U.S.C. § 1132(a)(2), ERISA § 502(a)(2), on behalf of the Plan and for relief that sweeps beyond their own injuries.

22.     The Plaintiffs and all participants in the Plan did not have knowledge of all material facts (including, among other things, the misuse and misallocation of Plan forfeitures) necessary to understand that Defendants breached their fiduciary duties and engaged in prohibited transactions until shortly before this suit was filed.

23.     Having never managed a very large 401(k) Plan, Plaintiffs, and all participants in the Plan, lacked actual knowledge of the misuse and misallocation of Plan forfeitures.

24.     With 267,555 active participants and $22,432,100,178 in assets under management as of December 31, 2023, the UnitedHealth Plan is one of the single largest retirement plans in the country. It ranks in the top 0.01% of over 500,000 401(k) plans in terms of the number of participants and the top 0.01% of plans in terms of the value of its assets.

## ERISA FIDUCIARY AND PROHIBITED TRANSACTION STANDARDS

25.     ERISA exists, in large part, to protect the interests of participants, and their beneficiaries, in employee retirement plans. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citing 29 U.S.C. § 1001(b)).

26.    "[A]ny person who exercises discretionary authority or control in the management or administration of an ERISA plan" is, under the statute's terms, a fiduciary. *See Barchock v. CVS Health Corp.,* 886 F.3d 43, 44 (1st Cir. 2018) (citing 29 U.S.C. § 1002(21)(A)).

27.    ERISA imposes strict duties of loyalty and prudence upon fiduciaries of retirement plans, like the UnitedHealth Plan, that are covered by ERISA.

28.    ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; [and] (B) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of like character and with like aims." ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B).

29.    These fiduciary duties are "the highest known to the law." *Donovan v. Bierwirth*, 680 F.2d 263, 272 n.8 (2d Cir. 1982).

30.    The continuing duty to monitor is a subset of the duty of prudence, *Tibble v. Edison Int'l*, 575 U.S. 523, 529–30 (2015), and requires a plan fiduciary to "incur only costs that are reasonable in amount and appropriate to the investment responsibilities of the trusteeship." *See Hughes v. Northwestern University*, 63 F.4th 615, 626 (7th Cir. 2023) ("*Hughes II*") (quoting RESTATEMENT (THIRD) OF TRUSTS § 90(c)(3)).

31.    The inquiry into the duty of prudence is "context specific." *Id*. at 93.

32.    Defendants are ERISA fiduciaries as they exercise discretionary oversight, authority, or control over the UnitedHealth Plan that it sponsors and provides to its employees.

33.    Defendants failed to fulfill their duty to prudently control the manner in which forfeitures were utilized by the Plan.

34.    UnitedHealth is a party-in-interest because it is an employer "any of whose employees are covered by such plan." *Id.*, § 1002(14)(C).

35.     Moreover, because Defendants are fiduciaries of the Plan and "deal[t] with the assets of the plan in [their] own interest or for [their] own account," they violated the fiduciary duty of loyalty and engaged in prohibited transactions under both 29 U.S.C. § 1106(a)(1)(D) and 29 U.S.C. § 1106(b)(1), by benefiting themselves as far as reducing their own future contributions to the UnitedHealth Plan.

## FACTUAL ALLEGATIONS

### A.     UnitedHealth's Disloyal, Imprudent, and Prohibited Uses of Plan Forfeitures.

36.     The UnitedHealth Plan is funded by a combination of wage withholdings by Plan participants and Company matching contributions, each of which is deposited into the Plan's trust fund.

37.     UnitedHealth is obligated to make contributions that match employee contributions. The matching formula currently used is a safe harbor matching contribution equal to 100% of contributions up to 3% of eligible compensation, plus 50% of the next 3% of eligible compensation for a maximum contribution of 4.5% per payroll period as defined in the Plan document..

38.     In accordance with 29 U.S.C. § 1103(a), the assets of the UnitedHealth Plan are held in a trust fund. Upon their deposit into the Plan's trust fund, all participant contributions and Company contributions become *assets of the Plan*.

39.     The fiduciary duties of prudence and loyalty, as well as the duty to refrain from self-dealing, under ERISA, are violated where, as here, the employer (1) is both the plan sponsor and plan administrator; (2) is faced with a conflict of interest in choosing between allocating plan assets toward offsetting its own contributions to the plan or defraying plan expenses that would otherwise be borne by plan participants; (3) fails to conduct any investigation as to which choice would be in the best interest of the participants; and (4) decides to allocate a portion of those plan assets toward reducing its own plan contributions because that choice best serves its own interests.

40.    Plaintiffs were all "participants" in a defined-contribution plan under ERISA Section 3(7), 29 U.S.C. § 1002(7) during the Class Period: the UnitedHealth Plan.

41.    As an individual account, defined contribution retirement plan, the UnitedHealth Plan "provides for an individual account for each participant and for benefits solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeiture of accounts of other participants which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

42.    Participants are fully vested in their salary deferrals plus actual earnings thereon. Vesting in Employer contributions is based on years of qualified service and vest fully after two years of service.

43.    Forfeitures are the nonvested portion of a participant's account that is lost upon termination of employment.

44.    The UnitedHealth Plan gave the Plan Committee a discretionary choice about how to use the forfeitures each year.

45.    More specifically, the relevant part of Section 6.2.3. of the Plan document ("Use of Forfeitures") states as follows:

6.2.3    **Use of Forfeitures**. Forfeitures shall be used for the following purposes, as determined by the Administrative Committee, in its discretion: to make restorations for rehired Participants as required in Section 6.2.2, to restore any forfeited transferred account balances as required in Section 7.5.3, to reduce Employer Safe Harbor Matching Contributions, to reduce Employer Profit Sharing Contributions, to reduce Plan expenses in the Plan Year in which the Participant's forfeiture event occurred or in the succeeding Plan Year, or to correct errors, omissions and exclusions.

46.    In other words, setting aside the restoration language, the Plan Committee had the discretion to allocate the forfeited funds to pay plan expenses, thereby saving the participants (who otherwise pay those expenses) money, or the Plan Committee could elect to use the forfeited funds to reduce UnitedHealth's own contributions to the Plan, thereby acting in UnitedHealth's own best interest.

47.    When Defendants decided to reduce employer contributions, by the Plan's own language, it was a "discretionary," fiduciary decision.

48.    In 2019, the Financial Statement Notes attached to the 2019 Form 5500 (page 29 of 52) states: "Nonvested account balances of terminated employees are forfeited. As of December 31 , 2019 and 2018,forfeited nonvested accounts totaled $73,986 and $64,576, respectively. Forfeitures **can be used** to reduce future employer contributions or to pay certain administrative expenses. During the year ended December 31, 2019, employer contributions were reduced by $3,223,568 from forfeiture accounts.." (emphasis added).

49.    This language, consistent both with the applicable Plan and SPD language, makes clear that the Plan Committee had fiduciary discretion to use the Plan forfeited funds for Plan expenses, but used Plan forfeitures in a discretionary matter to pay for employer contributions. The Plan Committee in 2019 did not use that money to reduce Plan expenses, which would have benefitted participants rather than UnitedHealth.

50.    In 2020, the Financial Statement Notes attached to the 2020 Form 5500 (page 29 of 51) states: "Nonvested account balances of terminated employees are forfeited. As of December 31, 2020 and 2019, forfeited nonvested accounts totaled $157,441 and $73,986, respectively. Forfeitures **can be used** to reduce future employer contributions or to pay certain administrative expenses. During the year ended December 31, 2020, employer contributions were reduced by $2,683,911 from forfeiture accounts." (emphasis added).

51.    This language, consistent both with the applicable Plan and SPD language, makes clear that the Plan Committee had fiduciary discretion to use the Plan forfeited funds for Plan expenses, but used Plan forfeitures in a discretionary matter to pay for employer contributions. The Plan Committee in 2020 did not use that money to reduce Plan expenses, which would have benefitted participants rather than UnitedHealth.

52.    In 2021, the Financial Statement Notes attached to the 2021 Form 5500 (page 30 of 54) states: "Nonvested account balances of terminated employees are forfeited. As of

December 31, 2021 and 2020, forfeited nonvested accounts totaled $125,185 and $157,441, respectively. Forfeitures **can be used** to reduce future employer contributions or to pay certain administrative expenses. During the year ended December 31, 2021, employer contributions were reduced by $4,008,467 from forfeiture accounts" (emphasis added).

53.     This language, consistent both with the applicable Plan and SPD language, makes clear that the Plan Committee had fiduciary discretion to use the Plan forfeited funds for Plan expenses, but used Plan forfeitures in a discretionary matter to pay for employer contributions. The Plan Committee in 2021 did not use that money to reduce Plan expenses, which would have benefitted participants rather than UnitedHealth.

54.     In  2022, the Financial Statement Notes attached to the 2022 Form 5500 (page 29 of 53) states: "Nonvested account balances of terminated employees are forfeited. As of December 31, 2022 and 2021, forfeited nonvested accounts totaled $74,547 and $125,185, respectively. Forfeitures **can be used** to reduce future employer contributions or to pay certain administrative expenses. During the year ended December 31, 2022, employer contributions were reduced by $3,902,685 from forfeiture accounts." (emphasis added).

55.     This language, consistent both with the applicable Plan and SPD language  makes clear that the Plan Committee had fiduciary discretion to use the Plan forfeited funds for Plan expenses, but used Plan forfeitures in a discretionary matter to pay for employer contributions. The Plan Committee in 2022 did not use that money to reduce Plan expenses, which would have benefitted participants rather than UnitedHealth.

56.     In  2023, the Financial Statement Notes attached to the 2023 Form 5500 (page 29 of 54) states: "Nonvested account balances of terminated employees are forfeited. As of December 31, 2023 and 2022, forfeited nonvested accounts totaled $49,987 and $74,547, respectively. Forfeitures **can be used** to reduce future employer contributions or to pay certain administrative expenses. During the year ended December 31, 2023, employer contributions were reduced by $5,514,378 from forfeiture accounts." (emphasis added).

57.     This language, consistent both with the applicable Plan and SPD language, makes clear that the Plan Committee had fiduciary discretion to use the Plan forfeited funds for Plan expenses, but used Plan forfeitures in a discretionary matter to pay for employer contributions. The Plan Committee in 2023 did not use that money to reduce Plan expenses, which would have benefitted participants rather than UnitedHealth.

**B.     Defendants Breach Their Fiduciary Duties and Engaged in Prohibited Transaction By Exclusively Using Plan Forfeitures to Reduce Their Plan Contributions.**

58.     The following table illustrates the amount the Plan and its participants (including Plaintiffs) lost in potential Plan expenses being paid through forfeitures as a result of Defendants' using Plan forfeitures *exclusively* for their own benefit from 2019 through 2023 (compounded through 2024), rather than paying all Plan expenses as discretionarily permitted by the Plan:

### Forfeitures Not Used to Pay Plan Expenses *(Disloyal Discretion)*

| | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Minimum Forfeitures Available to offset Plan Expenses** *(Only Direct Compensation)* | $3,223,568 | $2,683,911 | $4,008,467 | $3,902,685 | $5,514,378 | |
| **Total Direct Compensation** | $6,629,262 | $6,208,415 | $5,999,781 | $6,837,861 | $6,935,140 | |
| **Forfeitures used to pay Plan Expenses** | $0 | $0 | $0 | $0 | $0 | |
| **Potential Losses** | $3,223,568 | $2,683,911 | $4,008,467 | $3,902,685 | $5,514,378 | |
| *Compounding % (Plan Return)* | | 14.61% | 15.72% | -16.51% | 17.91% | 20.21% |
| **Potential Cumulative Compounded Losses** | $3,223,568 | $6,378,349 | $11,389,242 | $13,411,306 | $21,327,255 | $25,637,841 |

59.     ERISA explicitly requires Plan fiduciaries to discharge their duties "solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

60.     Furthermore, in deciding to use Plan forfeiture to benefit itself as far as reducing future company contributions through use of Plan assets, Defendants acted with a conflict of interest in administering the Plan and in managing and disposing of its assets. Such self-dealing violates both the ERISA party-in-interest and fiduciary prohibited transaction rules under 29 U.S.C. § 1106(a)(1)(D) and 29 U.S.C. § 1106(b).

61.     Plan assets in trust should have been used for the exclusive purpose for which they were contributed in the first place: for the benefit of Plan participants through the reduction of their Plan expenses.

62.     Defendants should have allocated this forfeiture money to pay Plan expenses, as first permitted and then required by the Plan, and then Plan participants would have been better off.

63.     On the other hand, using the forfeitures to reduce future employer contributions is always in the best interest of UnitedHealth because that option decreases UnitedHealth's own contribution costs.

64.     Although it is possible that reducing employer contributions may be in the best interests of participants where there is a risk that UnitedHealth may be financially unable to satisfy its matching contribution obligations, there is no evidence that UnitedHealth had such financial inability.

65.     Absent a risk that UnitedHealth would be unable to satisfy its contribution obligations under the Plan, however, using forfeitures to "pay plan expenses" would be in the participants' best interest because that option would reduce or eliminate amounts otherwise charged to their accounts to cover such expenses.

66.     In deciding between using the forfeiture to benefit UnitedHealth or using the forfeitures to benefit the participants, Defendants are presented with a conflict of interest in administering the Plan and managing and disposing of its assets.

67.     While Defendants' decisions to use the Plan's forfeitures to reduce its outstanding and unpaid contributions benefitted the UnitedHealth by lowering its costs, it harmed the Plan, along with its participants and beneficiaries, by reducing the amount of assets the Plan otherwise would have received and by causing deductions from participants' accounts to cover expenses that otherwise would have been covered in whole or in part by Plan forfeitures.

68.     The deduction of Plan expenses from the participants' accounts reduces the funds available to participants for distribution and/or investing and deprives the Plan of funds that otherwise would have been earned on the amounts deducted.

69.     In so doing, Defendants breached their fiduciary duty of loyalty to the Plan, and cost the Plaintiffs and class members tens of millions of dollars of lost retirement income.

70.     The forfeiture money should not have been used to benefit UnitedHealth through reduced Plan employer contributions and instead, should have been allocated to Plan participant accounts to pay Plan expenses.

71.     ERISA also provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . (B) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of like character and with like aims." ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

72.     Despite the conflict of interest presented by the decision to use Plan forfeitures for UnitedHealth's own benefit, Defendants failed to undertake any prudent investigation into which option the most prudent action to take.

73.     Defendants did not, for example, investigate whether there was a risk that UnitedHealth would default on its Plan contributions if forfeitures were used to pay Plan expenses, or evaluate whether there were sufficient forfeitures to eliminate the Plan expenses charged to participants and still offset a portion of UnitedHealth's own contribution obligations, as a prudent person would have done.

74.    Defendants also failed to consult with independent non-conflicted decisionmakers to advise them in deciding upon the best course of action for allocating the forfeitures in the Plan, as a prudent person would have done.

75.    Instead, Defendants have consistently and reflexively chosen to use the forfeitures for their own interest, to the detriment of the Plan and its participants, by allocating all forfeitures toward reducing UnitedHealth's outstanding and unpaid contributions owing to the Plan.

76.    For each year between 2019 and 2024, UnitedHealth was under no risk of defaulting on its contribution obligations to the Plan. Nevertheless, throughout that period, Defendants consistently based the decision of how to allocate forfeitures solely on their own self-interest and failed to consider the interests of the Plan and its participants.

77.    These breaches of the duty of loyalty and prudence, as well as the various prohibited transactions, cost the Plaintiffs and class members tens of millions of dollars in lost Plan assets that should have been used to pay off Plan expenses.

## CLASS ACTION ALLEGATIONS

78.    Plaintiffs bring this action as a class action pursuant to Rules 23(a) and 23(b)(1), or, in the alternative, 23(b)(2), of the Federal Rules of Civil Procedure on behalf of the following class of similarly situated persons:

> All participants in and beneficiaries of the UnitedHealth 401(k) Savings Plan at any time from the earlier of (i) six years before the filing of this action, or (ii), in the event the Court determines that Defendants have concealed the facts and circumstances that would have apprised Plaintiffs and the Class of the existence of Defendants' breaches, through the date of judgment.

79.    The members of the class are so numerous that joinder of all members is impracticable. At all relevant times, the number of forfeiture class members was approximately two hundred and fifty thousand (250,000) or more.

80.    Common questions of law and fact exist as to all members of the class. Among such questions are:

i. Whether Defendants failed in their fiduciary duties of loyalty and prudence, with respect to the administration, management and supervision of Plan services providers in allocating Plan forfeitures;

ii. Whether Defendants engaged in party-in-interest or fiduciary prohibited transactions with Plan assets, by using Plan forfeitures to reduce UnitedHealth's Plan contributions rather than reallocating those plan assets to pay Plan expenses; and,

iii. Whether Defendants' breaches of fiduciary duties and prohibited transactions caused losses to the Plan and its participants, and if so, in what amounts.

81. Plaintiffs' claims are typical of the claims of the class pursuant to Federal Rule of Civil Procedure 23(a)(3), because Plaintiffs were participants during the time period at issue and all participants in the Plan were harmed by Defendants' misconduct for the class.

82. Plaintiffs will adequately represent the class pursuant to Federal Rule of Civil Procedure 23(a)(4), because they were participants in the Plan during the class period, have no interest that conflicts with the Class, are committed to the vigorous representation of the Class, and have engaged experienced and competent lawyers to represent the Class.

83. Class certification of Plaintiffs' claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

84. In the alternative, certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

85. Plaintiffs' attorneys have substantial and varied experience in complex ERISA and class action litigation and will adequately represent the class.

86.    The claims brought by the Plaintiffs arise from fiduciary breaches and prohibited transactions as to the Plan in its entirety and does not involve mismanagement of individual accounts.

87.    The claims asserted on behalf of the Plans in this case fall outside the scope of any exhaustion language in the individual participants' Plan.

88.    Exhaustion is intended to serve as an administrative procedure for participants and beneficiaries whose claims have been denied and not where a participant or beneficiary brings suit on behalf of a Plan for breaches of fiduciary duty.

89.    Under ERISA, an individual "participant" or "beneficiary" is distinct from an ERISA Plan. A participant's obligation – such as a requirement to exhaust administrative remedies – does not, by itself, bind the Plan.

90.    Moreover, any administrative appeal would be futile because the entity hearing the appeal (the Plan Administrator) is the same Plan Administrator that made the decisions that are at issue in this lawsuit. Policy supporting exhaustion of administrative remedies in certain circumstances – that the Court should review and where appropriate defer to a Plan administrator's decision – does not exist here because courts will not defer to Plan administrator's legal analysis and interpretation.

**FIRST CLAIM FOR RELIEF**
**Breach of Duty of Loyalty**
**(Plaintiffs, On Behalf Of Themselves And Class,**
**Against Plan Committee – Misallocation Of Forfeitures)**

91.    Plaintiffs restate the above allegations as if fully set forth herein.

92.    Defendant Plan Committee is a fiduciary of the UnitedHealth Plan under 29 U.S.C. §§ 1002(21) and/or 1102(a)(1).

93.    Pursuant to 29 U.S.C. § 1104(a)(1)(A), Defendant Plan Committee was required to discharge their duties to the UnitedHealth Plan "solely in the interest of the participants and

beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

94.    Defendant Plan Committee have continually breached this duty of loyalty with respect to their control and management of the Plan's assets throughout the Class Period by choosing to utilize forfeited funds in the Plan for the sole benefit of UnitedHealth rather than exclusively in the interest of the Plan participants and beneficiaries.

95.    Instead of acting solely in the interest of Plan participants by utilizing forfeited funds in the Plan to reduce and eliminate the administrative expenses charged to their individual accounts, or provide additional allocations to Plan accounts, Defendant Plan Committee discretionarily chose, as fiduciaries, to use Plan assets for the exclusive purpose of reducing UnitedHealth's outstanding and future contributions to the Plan, thereby saving UnitedHealth tens of millions of dollars at the expense of the Plan and its participants.

96.    In making this decision, Defendant Plan Committee was motivated primarily or exclusively by their own self-interest rather than the interests of the Plan's participants and beneficiaries.

97.    As a direct and proximate result of Defendant Plan Committee's fiduciary breaches described herein, the Plan suffered injury and loss for which it is personally liable and is subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duty of loyalty.

98.    Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach. Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

**SECOND CLAIM FOR RELIEF**
**Breach of Duty of Prudence**
**(Plaintiffs, On Behalf Of Themselves and Class, Against**
**Plan Committee – Misallocation Of Forfeitures)**

99.     Plaintiffs restate the above allegations as if fully set forth herein.

100.    Pursuant to 29 U.S.C. § 1104(a)(1)(B), Defendant Plan Committee was required to discharge its duties with respect to the UnitedHealth Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

101.    Defendant Plan Committee has continuously breached its duty of prudence under 29 U.S.C. § 1104(a)(1)(B) throughout the class period by declining to use the forfeited funds in the Plan to eliminate Plan expenses charged to participant accounts, and instead using such Plan assets to reduce UnitedHealth's own future contributions to the Plan.

102.    In deciding how to allocate forfeitures, Defendant Plan Committee utilized an imprudent and flawed process. Despite the conflict of interest presented by this decision, Defendant Plan Committee failed to undertake any reasoned and impartial decision-making process to determine whether using the forfeited funds in the Plan to reduce the Company's own future contribution expenses, as opposed to the administrative expenses charged to participant accounts, was prudent, and failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors.

103.    By refusing to use forfeited funds in the Plan to reduce or eliminate the Plan expenses charged to participant accounts, and instead deciding to use these Plan assets to reduce UnitedHealth's own future contribution expenses, Defendant Plan Committee caused the Plan to receive fewer contributions that would otherwise have increased Plan assets and caused participants to incur expense deductions from their individual accounts that would otherwise have been covered in whole or in part by utilizing the forfeited funds to pay Plan expenses.

104.    As a direct and proximate result of Defendant Plan Committee's fiduciary breaches described herein, the Plan suffered injury and loss for which Defendant Plan Committee is personally liable and is subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109, including, without limitation, the disgorgement of all ill-gotten profits to Defendants resulting from the breach of their duty of prudence.

105.    Each Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach.  Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

### THIRD CLAIM FOR RELIEF
### Fiduciary Prohibited Transactions
### (Plaintiffs, On Behalf Of Themselves and Class,
### Against Plan Committee – Self-Dealing With Forfeitures)

106.    Plaintiffs restate the above allegations as if fully set forth herein.

107.    29 U.S.C. § 1106(b) provides that "[a] fiduciary with respect to a plan shall not," among other things, "deal with the assets of the plan in his own interest or for his own account."

108.    Defendant Plan Committee violated this prohibition in its management and control of forfeiture funds in the Plan. By allocating these Plan assets toward offsetting UnitedHealth's future contributions owing to the Plan, thereby saving UnitedHealth tens of millions of dollars in contribution expenses, Defendant Plan Committee dealt with the assets of the Plan in their own interest and for their own account.

109.    As a result of this prohibited conduct, Defendant Plan Committee caused the Plan to suffer losses in the amount of the Plan assets that were substituted for employer future contributions and the lost investment returns on those assets.

110.    Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited conduct alleged in this claim, to restore to the Plan all assets and profits obtained through the use of Plan assets and is subject to other equitable or remedial relief as appropriate.

**FOURTH CLAIM FOR RELIEF**
**Party-In-Interest Prohibited Transactions**
**(Plaintiffs, On Behalf Of Themselves and Class,**
**Against Plan Committee – Benefitting Employer)**

111.    Plaintiffs restate the above allegations as if fully set forth herein.

112.    29 U.S.C. § 1106(a)(1)(D) provides that "[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect - transfer to, or use by or for the benefit of a party in interest, of any assets of the plan."

113.    Defendant Plan Committee, as fiduciaries of the UnitedHealth Plan, caused the Plan to engage in a transaction that used the assets of Plan for the benefit of a party in interest, UnitedHealth, by using Plan forfeitures to reduce the future employer contributions of UnitedHealth.

114.    By allocating Plan forfeitures to be used for the benefit of reducing future employer contributions, the Plan Committee misused tens of millions of dollars of Plan forfeitures which could have been reallocated instead to Plan participant's accounts.

115.    Defendant Plan Committee and its members are personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited conduct alleged in this claim, to restore to the Plan all assets and profits obtained through the improper use of Plan assets, and is subject to other equitable or remedial relief as appropriate.

116.    Each Defendant is personally liable under 29 U.S.C. § 1109(a) to make good to the Plan any losses to the Plan resulting from the prohibited conduct alleged in this claim, to restore

to the Plan all assets and profits obtained through the use of Plan assets and is subject to other equitable or remedial relief as appropriate.

**FIFTH CLAIM FOR RELIEF**
**Failure to Adequately Monitor Other Fiduciaries**
**(Plaintiffs, on behalf of Themselves and Class,**
**Against Defendant UnitedHealth – Misallocation of Forfeitures)**

117.   Plaintiffs restate the above allegations as if fully set forth herein.

118.   Under Plan Section 12.3, Defendant UnitedHealth delegated to the Company's Executive Vice President, Human Capital, the authority to determine the number of members on Plan Committee, and to appoint and remove those Committee members. Defendant UnitedHealth knew or should have known that these fiduciaries had critical responsibilities for the Plan.

119.   In light of this authority, Defendant UnitedHealth had a fiduciary duty to monitor those individuals responsible for Plan forfeitures on the Plan Committee to ensure that they were adequately performing their fiduciary obligations, and to take prompt and effective action to protect the UnitedHealth Plan in the event that these individuals were not fulfilling those duties.

120.   Defendant UnitedHealth had a duty to ensure that the individuals responsible for Plan forfeitures possessed the needed qualifications and experience to carry out their duties (or use qualified advisors and service providers to fulfill their duties); had adequate financial resources and information; maintained adequate records of the information on which they based their decisions and analysis with respect to the UnitedHealth Plan's forfeitures; and reported regularly to Defendant UnitedHealth.

121.   The objectively disloyal, imprudent, and conflicted manner in which Defendant Plan Committee handled Plan forfeitures inferentially establish that Defendant UnitedHealth breached their duty to monitor by, among other things:

(a)   Failing to monitor and evaluate the performance of individuals responsible for Plan forfeitures on the Plan Committee or have a system in place for doing so, standing idly by as the UnitedHealth Plan misallocated Plan forfeiture for UnitedHealth's own benefit;

(b)     Failing to monitor the process by which the Plan Committee was evaluated and failing to investigate the proper use of Plan forfeitures; and

(c)     Failing to remove individuals responsible for Plan forfeitures on the Plan Committee whose performance was inadequate in that these individuals continued to misallocate Plan forfeitures for the benefit of UnitedHealth.

122.    As the consequences of the breaches of the duty to monitor for Plan forfeitures, the Plaintiffs and Plan participants suffered tens of millions of dollars of objectively unreasonable and unnecessary monetary losses.

123.    Pursuant to 29 U.S.C. §§1109(a) and 1132(a)(2), Defendant UnitedHealth is liable to restore to the UnitedHealth Plan all losses caused by their failure to adequately monitor individuals responsible for Plan forfeitures on the Plan Committee. In addition, Plaintiffs are entitled to equitable relief and other appropriate relief as set forth in the Prayer for Relief.

WHEREFORE, Plaintiffs pray that judgment be entered and requests the following relief:

A.      A determination that this action may proceed as a class action under Rule 23(b)(1), or in the alternative Rule 23(b)(2), of the Federal Rules of Civil Procedure;

B.      Designation of Plaintiffs as Class Representatives and designation of Plaintiffs' counsel as Class Counsel;

C.      A Declaration the Defendants are fiduciaries, have breached their fiduciary duties of prudence under ERISA, and engaged in fiduciary prohibited transactions, causing harm to Plan participants and beneficiaries;

D.      An Order compelling the Defendants to make good to the Plan all losses to the Plan resulting from Defendants' fiduciary breaches and prohibited transactions, including restoring to the Plan all losses resulting from using Plan forfeitures to inappropriately benefit UnitedHealth by reducing their future employer contributions, and restoring to the Plan all profits the Defendants made through use of the Plan's assets, and restoring to the Plan all profits which the Participants would have made if the Defendants had not engaged in fiduciary breaches or prohibited transactions;

E.      An Order requiring UnitedHealth to disgorge all profits received from, or in respect of, the Plan, and/or equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an accounting for profits, imposition of constructive trust, or surcharge against

UnitedHealth as necessary to effectuate relief, and to prevent UnitedHealth's unjust enrichment;

F.     An Order enjoining Defendants from any further violation of their ERISA fiduciary responsibilities, obligations, and duties, only with regard to Plan forfeitures.

G.     Other equitable relief to redress Defendants' illegal practices and to enforce the provisions of ERISA as may be appropriate, including appointment of an independent fiduciary/consultant or fiduciaries to run the Plan and removal of plan fiduciaries deemed to have breached their fiduciary duties with regard to Plan forfeitures;

H.     An award of pre-judgment interest;

I.     An award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

J.     Such other and further relief as the Court deems equitable and just.


                         Respectfully submitted,

Date: April 28, 2025              **CUMMINS & BONESTROO**

                         /s/ *Amy R. Mason*_____
                         Amy R. Mason, Esq. (#0347760)
                         363 5th Avenue North
                         200 Professional Bldg
                         Bayport, MN 55003
                         Telephone: 612-306-3808
                         amason@cblawoffices.com

                         **WALCHESKE & LUZI, LLC**

                         Paul M. Secunda
                         (motion *pro hac vice* pending)
                         235 N. Executive Dr., Suite 240
                         Brookfield, Wisconsin 53005
                         Telephone: (414) 828-2372
                         psecunda@walcheskeluzi.com

                         *Attorneys for Plaintiffs and Proposed Class*