# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Theresa M. Kotalik, Debra A. Wisner, Kerry Clements, and Joseph L. Clement, *individually, and as representatives of a Class of Participants and Beneficiaries of UnitedHealth Group 401(k) Savings Plan*, | Case No. 25-cv-01751 (ECT/ECW) |
| Plaintiffs, | |
| v. | **ORDER CONSOLIDATING CASES** |
| UnitedHealth Group Incorporated and Administrative Committee for the UnitedHealth Group 401(k) Savings Plan, | |
| Defendants. | |

---

| | |
|---|---|
| Holly Hendrickson, *individually and on behalf of all others similarly situated*, | Case No. 25-cv-02191 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER CONSOLIDATING CASES** |
| UnitedHealth Group Inc., UnitedHealth Group Employee Benefits Plans Administrative Committee, David E. Strauss, and John Does 1-30, | |
| Defendants. | |

---

This matter is before the Court on Plaintiffs Theresa M. Kotalik, Debra A. Wisner, Kerry Clements, Joseph L. Clement, and Holly Hendrickson's (collectively, "Plaintiffs") Motion to Consolidate Cases and Appoint Interim Co-Lead Counsel ("Motion") filed in

*Kotalik v. UnitedHealth Group Incorporated*, Case No. 25-01751 (Dkt. 20).  The Court grants the Motion and orders the above-captioned actions consolidated for pretrial proceedings and trial under the caption *In re UnitedHealth ERISA 401(k) Litigation*.  The Court appoints Paul M. Secunda of Walcheske & Luzi, LLC and Gerald D. Wells, III of Lynch Carpenter, LLP as Interim Co-Lead Counsel for Plaintiffs.

## I.    BACKGROUND

On April 28, 2025, Plaintiffs Theresa M. Kotalik, Debra A. Wisner, Kerry Clements, and Joseph L. Clement filed their Complaint against Defendants UnitedHealth Group Incorporated and Administrative Committee for the UnitedHealth Group 401(k) Savings Plan individually and as representatives of a class of participants and beneficiaries of the UnitedHealth Group 401(k) Savings Plan ("the Plan")  (Dkt. 1.)  On May 21, 2025, Plaintiff Holly Hendrickson filed a separate action against Defendants UnitedHealth Group Incorporated, UnitedHealth Group Employee Benefits Plans Administrative Committee, David E. Strauss, and John Does 1-30 on behalf of herself, the Plan, and all others similarly situated.  *Hendrickson v. UnitedHealth Group Inc.*, Case No. 25-cv-02191 (ECT/ECW), Dkt. 1 (May 21, 2025).[1]  On June 26, 2025, the Court stayed Defendants' deadline to answer in both cases pending resolution of Plaintiffs' motion to consolidate, which they had not filed at that time.  (*See* Dkt. 19; Case No. 25-cv-02191, Dkt. 12.)

---

[1]    Going forward, the Court cites to this case as "Case No. 25-cv-02191."

Plaintiffs filed the Motion on July 16, 2025 seeking consolidation of the above-captioned actions and all related actions (collectively, "Related Actions"). (Dkt. 20 at 1.)[2] The Motion also sought the appointment of Paul M. Secunda of Walcheske & Luzi, LLC and Gerald D. Wells, III of Lynch Carpenter, LLP as Interim Co-Lead Counsel; the setting of a deadline for Interim Co-Lead Counsel to file a consolidated complaint within 30 days of their appointment; the setting of a deadline for Defendants UnitedHealth Group Incorporated, Administrative Committee for the UnitedHealth Group 401(k) Savings Plan, UnitedHealth Group Employee Benefits Plan Administrative Committee, David E. Strauss, and John Does 1-30 (collectively, the "Defendants") to file a response to the consolidated complaint within 30 days of the date on which the consolidated complaint is filed; and to relieve Defendants from responding to the individual Complaints filed in the Actions. (*Id.* at 1-2.) Plaintiffs stated that "[t]he Parties agree that the Related Actions share common legal and factual issues sufficient to satisfy Fed. R. Civ. P. 42(a)," argued that consolidation would promote judicial efficiency and the convenience of all parties and witnesses to the Related Actions, and asserted that consolidation would not prejudice the substantial rights of any party because the Related Actions are in their infancies. (Dkt. 22 at 4-7.)

Defendants filed a Response to the Motion on July 23, 2025. (Dkt. 25.) Defendants agree the Related Actions should be consolidated for pre-trial purposes and that Plaintiffs should be ordered to file a consolidated complaint within 30 days of the

---

[2]     Unless otherwise noted, page number citations to materials filed on the docket are citations to the CM/ECF pagination.

consolidation.  (*Id.* at 1, 5.)  Defendants did not object to the appointment of Attorneys Secunda and Wells as Interim Lead Co-Counsel.  (*Id.* at 1.)  However, Defendants opposes the Motion insofar as it seeks consolidation of the Related Actions for trial, opposes captioning the consolidated action with an "*In re*" caption, and asked the Court to order the parties to meet and confer regarding a response or briefing schedule after the consolidated complaint is filed.  (*Id.* at 2-6.)

The Court held a hearing on the Motion on July 30, 2025.  (Dkt. 27.)  The parties confirmed their agreement that the Related Actions should be consolidated for pre-trial purposes; Attorneys Secunda and Wells should be appointed Interim Co-Lead Counsel; Plaintiffs should be required to file a consolidated complaint within 30 days of consolidation of the Related Actions; and the parties be ordered to meet and confer regarding a response or briefing schedule following the filing of Plaintiffs' consolidated complaint in lieu of a 30-day deadline for Defendants to respond.  Plaintiffs also stated the parties had agreed to stipulate to the dismissal of Defendant Strauss.  However, Defendants continued to object to consolidation of the Related Actions for trial and to an "*In re*" case caption.  The Court took the Motion under advisement and further stayed Defendants' deadlines to respond to the Complaints in *Kotalik* and *Hendrickson* pending the resolution of the Motion.  (Dkt. 27.)

## II.    CONSOLIDATION

Federal Rule of Civil Procedure 42 states as follows:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citation omitted).  In determining whether consolidation is appropriate, the Court should consider

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (quoting *Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993)) (citation modified).  "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (citation omitted).

Beginning with whether the Related Actions involve a common question of law and fact, their Complaints contain similar factual allegations relating to how Defendants used forfeited contributions (*e.g.*, Dkt. 1 ¶¶ 36-57; Case No. 25-cv-02191, Dkt. 1 ¶¶ 50-66) and allege that such usage violated Defendants' duties under ERISA (*e.g.*, Dkt. 1 ¶¶ 58-77, 91-123; Case No. 25-cv-02191 ¶¶ 80-88, 98-132).  Indeed, this commonality is

not disputed, as Defendants agree to consolidation for pretrial purposes.  (*See* Dkt. 25 at 1-2.)  The Court finds that the "common question of law or fact" requirement of Rule 42(a) is met.  *See In re Regions Morgan Keegan Sec., Derivative, ERISA Litig.*, No. 08-2192, 2011 WL 1565966, at *3 (W.D. Tenn. Apr. 25, 2011) ("[Nonmovant] does not argue, nor could he, that the claims in his action do not arise out of the same operative facts alleged in the [other] Complaint.  Both actions assert similar claims about whether the [defendants] breached fiduciary duties under ERISA by investing funds that [the defendants] held in trust and custodial accounts in the ["highly volatile"] Funds.  Those claims raise significant common legal and factual issues, and the risk of prejudice and possible confusion are outweighed by gains in judicial economy.") (citation omitted).

The efficiency as to consolidation for pretrial purposes is similarly not disputed by Defendants.  (*See* Dkt. 25 at 2.)  Given the similarity in the allegations in the Complaints, is apparent that consolidation would result in efficiencies, including avoiding duplicative discovery and duplicative motions.  As to prejudice, given the early stages of the Related Actions and the parties' agreement to consolidation for pretrial purposes, the Court finds no party would be prejudiced by consolidation.

However, Defendants argue that it would be "premature" to consolidate the cases for purposes of trial.  (Dkt. 25 at 2-3.)  Defendants argue that it is unknown today whether consolidation would promote efficiencies at trial and that new plaintiffs may assert new causes of actions.  (*Id.* at 3.)  Given the clear and undisputed efficiencies resulting from pretrial consolidation, the Court sees no reason why consolidation would not promote efficiencies at trial.  Moreover, Defendants' concerns regarding new

6

plaintiffs and new causes of action are speculative at this stage.  In any event, those concerns can be addressed by a motion for separate trials under Rule 42(b).  *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").  In sum, the Court finds Defendants' arguments against consolidation for trial purposes unpersuasive in the absence of any non-speculative reason not to consolidate for purposes of trial, given the parties' agreement as to a common question of law or fact between the Related Actions and agreement to the filing of a consolidated complaint, as well as the opportunity for seek severance under Rule 42(b).  The Court orders the Related Actions consolidated for trial as well as pretrial purposes.

Next, the Court considers Defendants' objection to using an "*In re United Health ERISA Litigation*" caption.  (*See* Dkt. 25 at 4-5.)  Defendants argue such a caption is "inconsistent" with the Federal Rules of Civil Procedure, including Rule 10.  (*Id.*)  Defendants cite to only a single case where a court rejected a proposed "*In re*" caption because it did not comply with Rule 10.  (*Id.* at 5 (citing *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 5159095, at *3 (N.D. Ill. Oct. 14, 2014).)  Cases in this District are routinely given an "*In re*" caption, including in the context of ERISA litigation.  *See, e.g.*, *In re EpiPen ERISA Litig.*, Case No. 17-01884 (PAM/HB), Dkt. 190 (Feb. 1, 2018); *In re Patterson Companies, Inc. Securities, Derivative & ERISA Litig.*, Case No. 05-cv-02383 (DSD/JJG), Dkt. 12 (Jan. 20, 2006); *In re ADC Telecommunications, Inc., ERISA Litig.*, Case No. 03-cv-02989 (ADM/FLN), Dkt. 26 (Oct. 2, 2003).  The Court finds

Defendants' Rule 10(a) argument—which relies on a single district court decision that is not binding on this Court and two other cases that did not involve a proposed "*In re*" caption—unpersuasive and captions the consolidated Related Actions as "*In re UnitedHealth ERISA 401(k) Litigation*.

### III.    APPOINTMENT OF INTERIM CO-LEAD COUNSEL

Next, the Court turns to the appointment of interim class counsel for the putative class. Plaintiffs ask the Court to appoint Paul M. Secunda of Walcheske & Luzi, LLC and Gerald D. Wells, III of Lynch Carpenter, LLP as Interim Co-Lead Counsel. (Dkt. 22 at 1.) Defendants do not object to their appointment. (Dkt. 25 at 1.)

Federal Rule of Civil Procedure 23 allows a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In appointing class counsel, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In deciding a motion to appoint interim class counsel under Rule 23(g), "[n]o single factor is determinative; all factors must be weighed to assess who can best represent the class." *Chen v. Target Corp.*, No. CV 21-1247 (DWF/DTS), 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021) (citing Fed. R. Civ. P. 23 advisory committee's

note to 2003 amendment).  "Though Rule 23(g) does not specifically contemplate co-lead counsel structures, 'it is not unusual for multiple firms to serve as interim co-lead counsel.'"  *Niosi v. Eisner Advisory Grp. LLC*, No. 25-CV-1409 (LMP/DTS), 2025 WL 1502938, at \*2 (D. Minn. May 27, 2025) (quoting *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-1610, 2020 WL 5260511, at \*2 (N.D. Ill. May 30, 2020) (collecting cases)).  The decision to appoint interim class counsel is within the Court's discretion.  *Chen*, 2021 WL 6063632, at \*2 (citation omitted).

The Court agrees that the appointment of interim class counsel is in the best interests of the putative classes and appoints Paul M. Secunda of Walcheske & Luzi, LLC and Gerald D. Wells, III of Lynch Carpenter, LLP as Interim Co-Lead Counsel for Plaintiffs in the consolidated case.  Starting with Attorney Secunda, based on Plaintiffs' brief, he has extensive knowledge of ERISA law and managing ERISA class actions. (Dkt. 22 at 8-11.)  Similarly, Attorney Wells has ample experience with class action and ERISA litigation.  (*Id.* at 11-12.)  Both law firms have sufficient resources to serve as Interim Co-Lead Counsel.  (*See id.* at 13-14.)  Further, Attorney Secunda and Attorney Wells have been involved with the Related Actions since the Complaints were filed.  (*See* Dkt. 1; Case No. 25-cv-02191, Dkt. 1.)  Having considered the Rule 23(g) factors, the Court finds that Attorney Secunda and Attorney Wells will "fairly and adequately represent the interests of the class" as Interim Co-Lead Counsel for Plaintiffs and appoints them as such.

## IV.    ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS**

**ORDERED** that:

1.     Plaintiffs Theresa M. Kotalik, Debra A. Wisner, Kerry Clements, Joseph L.

Clement, and Holly Hendrickson's Motion to Consolidate Cases and Appoint Interim Co-

Lead Counsel (Dkt. 20) is **GRANTED**.

2.     The cases of (1) *Kotalik v. UnitedHealth Group Incorporated*, 25-cv-01751

(ECT/ECW); and (2) *Hendrickson v. UnitedHealth Group Inc.*, 25-cv-02191

(ECT/ECW), are **CONSOLIDATED** for pre-trial proceedings and trial before U.S.

District Judge Eric C. Tostrud and U.S. Magistrate Judge Elizabeth Cowan Wright.

3.     To give full effect to this consolidation of related proceedings, the Court

further orders that:

a. The first-filed case, *Kotalik et al v. UnitedHealth Group Incorporated*, 25-cv-01751 (ECT/ECW), shall serve as the lead case of these consolidated matters.

b. All future filings for these related proceedings shall be filed in the lead case and shall bear the caption: *In re UnitedHealth ERISA 401(k) Litigation*.

c. All future filings in the lead case shall be considered filed in the relevant related case.  Filings should not be separately docketed in the related cases, and all previous filings in the related cases need not be re-filed in the lead case.

d. The Clerk of Court is directed to add all parties and attorneys of record from the related cases to the lead case.  All *pro hac vice* admissions in the related cases are valid for the lead case.

e. The Clerk of Court is directed to administratively close case number 25-cv-02191 (ECT/ECW).

     f.   All related cases filed or transferred to this Court after entry of this Order shall be consolidated with the consolidated action, and shall be subject to all provisions of this Order.

4.     Plaintiffs must file a consolidated complaint within 30 days of this Order.

5.     The Parties must meet and confer and file a proposed schedule for Defendants' responsive pleading or responsive briefing within 7 days after the filing of the consolidated complaint.

6.     Paul M. Secunda of Walcheske & Luzi, LLC and Gerald D. Wells, III of Lynch Carpenter, LLP are **APPOINTED** as Interim Co-Lead Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities inherent to that position.

7.     Any Plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Counsel.  No motion, request for discovery, or other pre-certification proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Counsel and no other Plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Counsel.

8.     Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel.

9.     Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

10.    Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service or expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Co-Lead Counsel are aware or become aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently consolidated with the above actions.


Date: September 5, 2025                              *s/Elizabeth Cowan Wright*
                                                    ELIZABETH COWAN WRIGHT
                                                    United States Magistrate Judge